IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOSEPH WADE GRAHAM, | ) | |
| | ) | Civil Action No. 7:23cv00062 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TRINITY FOOD SERVICE, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) |        United States District Judge |
| Defendants. | ) | |

Plaintiff Joseph Wade Graham, a Virginia inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983, against Trinity Food Service and the Roanoke City Jail Kitchen. Graham seeks leave to proceed *in forma pauperis* with this action. Having reviewed Graham's submissions, the court will grant his request to proceed *in forma pauperis*, but concludes that Graham's complaint fails to state a cognizable § 1983 claim against the named defendants. Accordingly, the court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B)(ii).

I.

Graham alleges that, while housed at the Roanoke City Jail, he was "on a vegetarian diet" and received "undercooked beans on every food tray for lunch and dinner, twice a day." As relief, Graham states that he "would like to sue for mental anguish." (Compl. ¶ E [ECF No. 1].)

By conditional filing order, the court notified Graham that his complaint failed to state a cognizable § 1983 claim against the named defendants and gave him the opportunity to file an amended complaint. (*See* ECF No. 8.) The court warned Graham that if he did not file an amended complaint, the court would assume that he stood on his original complaint and

waived his right to amend. (*See* Order, March 6, 2023 [ECF No. 8].) Graham did not file an amended complaint.

## II.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). The Eighth Amendment protects prisoners from cruel and unusual living conditions. In order to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege that the living conditions violated contemporary standards of decency and that a defendant was deliberately indifferent to those conditions. *Wilson v. Seiter*, 501 U.S. 294 (1991). A plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. *Strickler v. Waters*, 989 F.2d 1375, 1380-81 (4th Cir. 1993); *Helling v. McKinney*, 509 U.S. 25 (1993).

Allegations of inadequate prison food service may be sufficient to state a cognizable claim under § 1983, as long as the deprivation is serious and the defendant is deliberately indifferent to the need. *See King v. Lewis*, 358 F. App'x 459, 460 (4th Cir. 2009); *Bolding v. Holshouser*, 575 F.2d 461, 465 (4th Cir. 1978) (prisoner's allegation of failure to provide adequate sanitary food service facilities states a cognizable claim); *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985) (finding that inmates are entitled to receive nutritionally adequate food). Failure to meet an inmate's basic nutritional needs is cruel and unusual punishment

because the inmate relies on prison officials to provide food; if the officials fail to do so, the inmate's basic nutritional needs will not be met. *Cf. Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). It follows that, under some circumstances, inadequate, unsanitary food service can be sufficiently serious to satisfy the objective element of an Eighth Amendment claim, but it is not sufficient to say in conclusory fashion that the food given was nutritionally inadequate. *Hoehn v. Fuller*, No. 7:22cv195, 2022 U.S. Dist. LEXIS 115059, *4 (W.D. Va. Jun, 29, 2022). Further, occasional, short-lived problems with prison food service and isolated instances of inmates missing a meal or two do not implicate the Eighth Amendment. *See Islam v. Jackson*, 782 F. Supp. 1111, 1114 (E.D. Va. 1992) (finding that inmate's missing one meal as isolated event did not state Eighth Amendment violation); *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985) ("The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation.").

Despite being given the opportunity to amend his complaint, Graham does not allege facts plausibly alleging that he suffered a serious or significant mental or physical injury from the undercooked beans or that the beans created an unreasonable risk of serious damage to his future health. Graham also does not allege facts for the court to determine that a defendant was deliberately indifferent to the undercooked beans. Graham does not allege that the beans were inedible or that they were the only food on his meal trays. He also does not allege that he suffered any illness, weight loss, or malnourishment from eating or avoiding the undercooked beans. "[F]ood merely served cold or in an unpleasing manner is too frivolous of a claim to constitute a constitutional violation." *Smith v. Westchester County*, Case No. 19-cv-

03605 (NSR), 2021 WL 2856515, at *8 (S.D.N.Y. July 7, 2021). Therefore, the court will dismiss Graham's claim.

Moreover, neither Trinity Food Service nor the Roanoke City Jail Kitchen are "persons" subject to suit under § 1983. The staff of an organization is not considered a "person" subject to suit under § 1983, and groups of people may not be sued under § 1983. *See Hall v. Jabe*, No. 7:11cv377, 2012 U.S. Dist. LEXIS 93970, *5 (W.D. Va. Jul. 9, 2012) (holding that kitchen staff is not a "person" for purposes of § 1983); *Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (holding that the medical department of a prison is not a "person" under § 1983); *Pickens v. S.C. Dep't of Prob., Parole, & Pardon Servs.*, No. 8:22cv00500-RBH-JDA, 2022 U.S. Dist. LEXIS 134568, *8 (D.S.C. Feb. 23, 2022) (holding that the South Carolina Department of Probation, Parole, and Pardon Services is not a "person" subject to suit under § 1983); *Dalton v. SCDC*, No. 8:09-cv-260-CMC-BHH, 2009 U.S. Dist. LEXIS 28535, 2009 WL 823931, at *2 (D.S.C. Mar. 26, 2009) (holding that medical staff and Prison Health Services are not "persons" under § 1983). Accordingly, Graham cannot maintain this action against the named defendants.

### III.

For the reasons stated, the court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

The Clerk is directed to forward copies of this Memorandum Opinion and the accompanying Order to Graham.

**ENTERED** this 7th day of August, 2023.

/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE